IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

A) THREE (3) PIECES OF JEWELRY
   APPRAISED AT $28,470.00, and
B) $3,414.28 IN U.S. CURRENCY,

Defendant.

Civil No. 14-1081(DRD)

**OPINION AND ORDER**

Pending before the Court are: Claimant Juan Quiñones-Melendez's ("Claimant" or "Quiñones-Melendez") *Motion to Dismiss* (Docket No. 24); United States of America's *Response in Opposition to Claimant's Motion to Dismiss* (Docket No. 27); Claimant's *Reply* (Docket No. 32); United States' *Motion to Strike* (Docket No. 33); and Claimant's *Response in Opposition to Motion to Strike* (Docket No. 34). For the foregoing reasons, the Court hereby **DENIES** Claimant's *Motion to Dismiss* (Docket No. 24) and United States' *Motion to Strike* (Docket No. 33).

I.   **FACTUAL BACKGROUND**

On August 20, 2013, Federal Bureau of Investigation ("FBI") and United States Marshal Services ("USMS") agents were conducting surveillance in the area of Barrio Guaraguao, road 123, Ponce, Puerto Rico. The federal agents were searching for Juan Quiñones-

1

Melendez, who had an outstanding federal arrest warrant for illegal possession of a machine gun. The agents had been advised that Quiñones-Melendez was currently at the Huertos Peniel community in Ponce. At approximately 3:27 PM, the agents observed a grey Toyota 4Runner exit through the gate of the Huertos Peniel community and immediately initiated pursuit of the vehicle. The agents followed the 4Runner until it stopped at a Puma gas station. Once the vehicle had come to a complete stop, the agents attempted to intercept the 4Runner and its occupants. However, when the driver of the 4Runner realized that the vehicle was being surrounded, he placed the car in reverse and collided with the agents' vehicle. Immediately after impact, the two individuals inside the 4Runner exited the vehicle and were immediately placed under arrest. The two individuals apprehended were identified as Claimant Juan Quiñones-Melendez and Orlando Mojica-Rodriguez ("Mojica-Rodriguez").

After the arrest, the USMS recovered $2,459.14 in cash from Mojica-Rodriguez and retrieved from Quiñones-Jimenez one large silver chain, one black/silver watch, and one large silver ring. Inside the vehicle, the agents found $3,400.00 in cash, four guns, one body armor, six ammunition magazines, and $14.28 in cash located inside a Tummy bag. Lastly, a search of Claimant's cellphone yielded numerous photographs of bundles of cash and weapons. Upon further investigation, the arresting agents confirmed that the grey 4Runner had been reported stolen. After

being processed by FBI Task Force Officer (TFO) Victor Lopes and various members of the Fajardo Strike Force Team, both arrested individuals expressed that they were unemployed.

The following day, on August 21, 2013, the FBI Response team executed a search warrant on Quiñones-Melendez's residence and eight cars surrounding it. After reviewing the reports obtained from the Police of Puerto Rico, the agents discovered that two of the eight cars searched had been reported stolen.

## II. PROCEDURAL BACKGROUND

On January 29, 2014, the United States filed a Complaint for Forfeiture in Rem (Docket No. 1) against A) three pieces of jewelry appraised at $28,470.00 and B) $3,414.28 in U.S. currency, pursuant to 21 U.S.C § 853 and 881(a)(6).

On March 10, 2014, Juan Quiñones-Melendez filed a *Verified Claim of Interest* (Docket No. 14) alleging that he is the rightful owner of the seized property.

On May 12, 2014, Claimant Quiñones-Melendez filed a *Motion to Dismiss* (Docket No. 24) alleging that the *Verified Complaint* for Forfeiture In Rem lacks factual or legal merit provided that it falls short of pleading any facts to support allegations that the Claimant's property has a substantial connection to any drug trafficking activities as required under 18 U.S.C. § 983(c). Additionally, the Claimant avers that the *Verified Complaint* fails to specify the type of controlled substances allegedly sold or the amount of drugs involved in order to establish the forfeitability

of the Claimant's property under 21 U.S.C. § 881(a)(6) and § 853.

On May 27, 2014, the United States filed a *Response in Opposition to Claimant's Motion to Dismiss* (Docket No. 27) alleging that Claimant's motion fails to comply with the requirements of Rule G(8)(b)(i) and (ii). Plaintiff alleges that Claimant has failed to establish standing to contest forfeiture.

### III. STANDARD OF REVIEW

A complaint for forfeiture in rem "must allege sufficient facts to support a reasonable belief that the property is subject to forfeiture." United States v. Mondragon, 313 F.3d 862 (4th Cir. 2002). A motion to dismiss made pursuant to Supplemental Rule G(8)(b) is governed by Supplemental Rule G(2), which provides, in pertinent part, that the Complaint shall "state sufficiently detailed facts to support a reasonable belief that the Government will be able to meet its burden of proof at trial." Supp. R. G(2)(f). Although the pleading standard under Supp. G(8)(b) is higher than the standard for Fed. R. Civ. P. 8(a), the pleading requirements are nonetheless satisfied if the Government pleads enough facts to support a "reasonable belief" that the Government will be able to meet its burden of proof at trial. See United States v. Real Property Located at 5208 Los Franciscos Way, 385 F.3d 1187, 1193 (9th Cir. 2004).

To satisfy its burden of proof, the Government must ultimately prove by a preponderance of the evidence that there is a substantial connection between the property seized and the illegal

4

offense alleged. 18 U.S.C § 983(c)(3). However, at the time a complaint is filed, the Government need not produce all of the evidence that will be introduced at trial, and may instead "gather evidence after the filing of a Complaint for forfeiture to establish, by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(2); see United States v. Lopez-Burgos, 435 F.3d 1, 2 (1st Cir. 2006)(the United States need not "plead facts sufficient to establish probable cause to forfeit" at the motion to dismiss stage). Moreover, no complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property. See 18 U.S.C. § 983 (a)(3)(D).

When assessing whether the Government has provided sufficient allegations to support a nexus between the alleged criminal offense and the confiscated property, the Court must look to the totality of the circumstances. Mondragon, 313 F.3d at 866. However, a pleading containing only the time, location, and person by whom the assets were seized would be insufficient to meet the pleading standard for asset forfeiture. Id. Accordingly, the United States must "state the circumstances giving rise to the forfeiture claims with sufficient particularity" to allow a claimant to conduct a "meaningful investigation of the facts and draft a responsive pleading." Id. at 867.

5

## IV. ANALYSIS

### *a. Standing*

Before entertaining Claimant's *Motion to Dismiss* on the merits, the Court must ascertain whether the Claimant has standing to challenge the In Rem forfeiture, as the Government does not bear the burden of providing anything to a particular claimant until he or she establishes standing. United States v. $38,000 in U.S. Currency, 816 F.2d 1538, 1543 (11th Cir. 1987).

In the case at bar, the United States argues unsuccessfully that Claimant Quiñones-Melendez lacks Article III standing to challenge the forfeiture, as the Court finds that he has met all requirements in filing his claim. See Docket No. 14. "Forfeiture actions in rem arising from federal statute are governed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions." See U.S. v. Real Property known as 7501 N.W. 210th Street, 437 Fed. Appx. 754, 756 (10th Cir. 2011). In order to have Article III standing, a potential claimant must file a claim: (a) identifying the specific property claimed; (b) identifying the claimant and stating the interest in the property; (c) be signed by the claimant under penalty of perjury; and (d) be served on the government attorney. Id. Here, Claimant's *Verified Claim* (Docket No. 14) complies with all of the aforementioned requirements. Therefore, we proceed to analyze the merits of Quiñones-Melendez's motion.

### b.   *Sufficiency of the Complaint*

As the Court previously mentioned, a complaint for forfeiture in rem "must allege sufficient facts to support a reasonable belief that the property is subject to forfeiture." United States v. Mondragon, 313 F.3d 862 (4th Cir. 2002). Simply put, "the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." Supplemental Rule E(2)(a). Nothing else is required at this stage of the proceedings.

In the present case, Claimant Quiñones-Melendez avers that the Government failed to plead sufficient facts to establish a nexus between the property seized and a drug offense. The Court disagrees, finding that there are ample factual allegations set forth in the *Verified Complaint* which, if proven, provide a reasonable belief that the property is subject to forfeiture. According to the United States, Claimant, who had an outstanding warrant for illegal possession of a machine gun, was traveling in a stolen vehicle at the time of his arrest. Not only did the vehicle Claimant was traveling in hit a law enforcement vehicle in an attempt to flee, but four firearms, along with one bulletproof vest and six ammunition magazines were recovered from the inside of the vehicle. Furthermore, a search of Claimant's cellular phone revealed pictures showing bundles of cash and numerous automatic

weapons. Moreover, a search of Claimant's property revealed that he had eight vehicles, two of which were stolen, all of this while being unemployed from 2003 until the day of his arrest. Hence, the United States' complaint satisfied the requirements set forth in Supplemental Rule E(2)(a), as the complaint states the circumstances from which the claim arises with such particularity that the Claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading.

The Court also notes that Claimant admitted to being unemployed since 2003, yet was in possession of three pieces of jewelry valued at $28,470.00 and $3,414.28 in US Currency. See U.S. v. 6 Fox Street, 480 F.3d 38, 43 (2007)("The Government submitted evidence that Bishop's legitimate unemployment as a car salesperson could not support his lavish spending."). In the present case, Claimant Quiñones-Melendez failed to report any source of income from 2003 to 2012 and is currently unemployed. Therefore, the Court is of the opinion that a reasonable fact further could determine that Claimant's lavish spending is intrinsically connected to a drug trafficking endeavor. Further, Claimant was in possession of four firearms, ammunition, and a bulletproof vest at the time of his arrest, an illegal weapons arsenal commonly used by drug traffickers. Thus, the Court finds that the facts set forth in the *Verified Complaint* and detailed above **overwhelming** support the forfeiture of the Claimant's property at this stage of the

8

proceedings.

### *c. Motion to Strike*

The Government moves to strike Claimant Quiñones-Melendez's *Reply* on the basis that he failed to request leave to file said document (Docket No. 33). Although Claimant did not specifically request leave to file a *Reply*, it did file a *Motion for Extension of Time to File Reply* on June 9, 2014 (Docket No. 28), a request which the Court granted on June 12, 2014 (Docket No. 29). Thus, the Court hereby **DENIES** the Government's *Motion to Strike* (Docket No. 33) finding Claimant's motion and the Court's acquiescence thereto sufficient.

### V.   CONCLUSION

For the aforementioned reasons, the Court hereby **DENIES** Defendant's *Motion to Dismiss* (Docket No. 24) and the Government's *Motion to Strike* (Docket No. 33).  The Court finds that the evidence presented by the Government, if true, is sufficient to support the forfeiture of the Claimant's property.

**IT IS SO ORDERED**

In San Juan, Puerto Rico, this 24th day of March, 2015.

            s/ Daniel R. Dominguez

            DANIEL R. DOMINGUEZ
            U.S. District Judge